IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CAPITOL RADIOLOGY, LLC :
:
:
v. : Civil Action No. DKC 09-1262
:
SANDY SPRING BANK :
:

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action arising from defaulted business loans is a motion for sanctions pursuant to Fed.R.Civ.P. 11 filed by Defendant Sandy Spring Bank. (Paper 66).[1] The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Defendant's motion will denied.

**I. Background**

The background to this case may be found in the court's last memorandum opinion. (Paper 69). On December 14, 2009, Defendant served Plaintiff with a draft copy of its motion for Rule 11 sanctions. (Paper 66, at 3). On December 31, 2009, Plaintiff filed a motion to dismiss without prejudice its Equal

---

[1] This case is currently on appeal. This court, nevertheless, retains jurisdiction to consider the motion. *Hicks v. Southern Maryland Health Systems Agency*, 805 F.2d 1165, 1166 (4th Cir. 1986). Neither party has asked the court to stay consideration pending appeal.

Credit Opportunity Act ("ECOA") claim. (Paper 63). On January 15, 2010, Defendant filed its motion for sanctions. (Paper 66). On February 17, 2010, the court granted summary judgment in favor of Defendant and denied Plaintiff's motion to dismiss without prejudice its Equal Credit Opportunity Act ("ECOA") claim. (Paper 70). On March 5, 2010 Plaintiff responded to the motion for sanctions.[2] (Paper 72).

**II. Motion for Rule 11 Sanctions**

Defendant asks the court to impose sanctions on Plaintiff, its principals, Doriann Thomas, M.D., and Larry N. McKenney, and its attorneys, The Zipin Law Firm, Philip B. Zipin, and Gregg C. Greenberg. Defendant argues that in violation of Rule 11(b), Plaintiff's breach of contract and ECOA claims lacked any evidentiary support at the time they were filed and Plaintiff's continued prosecution of the case through discovery and summary judgment was frivolous to the point of bad faith. (Paper 66, Attach. 1, at 3, n.1).

**A. Standard of Review**

"[T]he central purpose of Rule 11 is to deter baseless filings in District Court and thus . . . streamline the

---

[2] Consistent with Local Rule 105.8, Plaintiff was not required to respond to the Rule 11 motion unless directed to do so by the court. The court may not grant sanctions without requesting a response. *See Ortega v. Geelhaar*, 914 F.2d 495, 498 (4th Cir. 1990).

2

administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). The decision to impose Rule 11 sanctions is within the sound discretion of the district court. *Ost-West-Handel Bruno Bischoff GMBH v. Project Asia Line, Inc.*, 160 F.3d 170, 177 (4th Cir. 1998). Under Rule 11, by presenting a pleading or written motion to the court, an attorney "is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the motion is, among other things, "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law" and that its "allegations and other factual contentions have evidentiary support." Fed.R.Civ.P. 11(b).

There is a difference between a losing case and a frivolous case: "We have recognized that maintaining a legal position to a court is only sanctionable when, in 'applying a standard of objective reasonableness, it can be said that a reasonable attorney in like circumstances could not have believed his actions to be legally justified.'" *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002)(quoting *In re Sargent*, 136 F.3d 349, 352 (4th Cir. 1998)). Thus, to avoid sanctions, an "allegation merely must be supported by *some* evidence."

*Brubaker v. City of Richmond*, 943 F.2d 1363, 1377 (4th Cir. 1991)(emphasis in original).

**B.  Analysis**

**1.  The Breach of Contract Claim**

Defendant argues that Plaintiff should be sanctioned for bringing its breach of contract claim and pursuing that claim through the summary judgment stage.  Defendant asserts that Plaintiff produced documents during discovery that revealed that Plaintiff "was improperly hiding assets from Sandy Spring, had not been filing tax returns, and was a party to another lawsuit before this Court that ultimately resulted in the imposition of sanctions against [Plaintiff] for the assertion of a frivolous racial discrimination claim."  (Paper 76, at 3-4).  Defendant contends that this evidence showed that Plaintiff violated the loan agreement before Defendant called Plaintiff's loans in default, and therefore Plaintiff wrongly argued that Defendant had breached the contract when Plaintiff had actually breached the contract first.

Plaintiff counters that its breach of contract claim was litigated in good faith and was well-established in law.  In Plaintiff's opposition to Defendant's motion for summary judgment, Plaintiff argued that where a contract gives one party the discretion unilaterally to declare the other party in default, the implied duty of good faith and fair dealing imposes

4

a standard of "reasonableness" in the exercise of that discretion. (Paper 55, at 14)(citing *Julian v. Christopher*, 320 Md. 1, 8-9 (1990)). Plaintiff argued that Defendant's stated reasons for calling the loans in default - lender insecurity and an adverse change in conditions to the loan agreement - were unreasonable because Plaintiff's business and Dr. Thomas's home were worth far more than the judgment and tax lien amount. Plaintiff asserts, in its opposition to Defendant's motion for sanctions, that Defendant's reliance on alternative grounds for defending against Plaintiff's breach of contract claim only served as additional evidence that Defendant's action of calling the loans in default was pretextual.

Although the evidence showing that Defendant acted unreasonably was sparse, it cannot be said that Plaintiff had no evidence at all. While Defendant points to evidence that Plaintiff may have breached the loan agreement first, it was unnecessary for the court to examine that evidence in order to award summary judgment in Defendant's favor by finding that Plaintiff could not prove that Defendant had breached the contract. The advisory committee's notes for Rule 11 state: "To assure that the efficiencies achieved through more effective operation of the pleading regimen will not be offset by the cost of satellite litigation over the imposition of sanctions, the court must to the extent possible limit the scope of sanction

5

proceedings to the record." Fed.R.Civ.P. 11 advisory committee's notes. The court will, thus, not undertake that further analysis. The fact that Plaintiff had to respond to Defendant's motion for sanctions will serve as enough of a warning to Plaintiff and its attorneys that their allegations must have evidentiary support to bring and litigate a case such as this one. Thus, Rule 11 sanctions will not be awarded on the breach of contract claim.

**2. The Equal Credit Opportunity Act Claim**

Defendant argues that Plaintiff should be sanctioned for bringing its ECOA claim and for pursuing that claim through the summary judgment stage. (Paper 66, Attach. 1, at 21-22). Defendant asserts that Plaintiff's motion to dismiss its ECOA claim without prejudice, which was filed after the close of discovery, should not shield Plaintiff from sanctions for pursuing the ECOA claim without evidence of discrimination. (Paper 76, at 11).

Plaintiff argues that, after discovery, its ECOA claim was supported by three pieces of evidence: the timeline of Defendant's actions, Defendant's apparently pretextual stated reason for calling the loans in default, and that Defendant's "watch list" report included false information about Plaintiff's Chief Financial Officer ("CFO"). Plaintiff also notes that Plaintiff's principals' had an "adamant and unwavering belief

6

that Plaintiff was the victim of racial discrimination," (Paper 72, at 11), and that "Plaintiff strongly and repeatedly advised Plaintiff's Counsel that Defendant held in its possession" documents evidencing disparate treatment. (*Id.* at 13). Finally, Plaintiff contends that once it realized that it was unable to obtain certain documents in discovery it concluded that it could not prove its ECOA claim and therefore moved to dismiss the claim without prejudice. (*Id.*, at 14-15).

Fed.R.Civ.P. 11(c)(2) states:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Defendant served Plaintiff with the motion for sanctions on December 14, 2009. Plaintiff filed its motion to dismiss without prejudice its ECOA claim on December 31, 2009, well within the twenty-one day safe harbor period. Rule 11 requires only that a nonmovant "withdraw" the claim or contention, not that this be done with prejudice. The advisory committee's notes state that if the alleged violator withdraws the

7

allegation or contention "formally or informally . . . the motion should not be filed with the court." Fed.R.Civ.P. 11 advisory committee's notes. This reflects that the purpose of the safe harbor provision is to avoid imposing sanctions when the nonmovant "acknowledge[s] candidly that it does not currently have evidence to support a specified allegation." *Id.* Plaintiff, in moving to dismiss its ECOA claim on the basis that it did not have evidence to support it, met the requirements of Rule 11. Thus, Rule 11 sanctions will not be awarded on the ECOA claim.

## III. Conclusion

For the foregoing reasons, Defendant's motion for sanctions will be denied. A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge